## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Granite Re, Inc., an Oklahoma Corporation, | ) | Court File No.: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF GRANITE RE, INC.'S** |
| Tooz Construction, Inc.; Tooz Construction | ) | **COMPLAINT FOR DECLARATORY** |
| dba Grizzly Concrete Services; Frederick | ) | **JUDGMENT** |
| Tooz; Kathleen E. Tooz; Tracy L. Tooz; | ) | |
| Nicole L. Tooz; and Department of | ) | |
| Transportation, State of North Dakota, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff Granite Re, Inc. ("Granite"), an Oklahoma corporation, by and through its undersigned attorneys, and brings this Complaint against Defendants Tooz Construction, Inc.; Tooz Construction dba Grizzly Concrete Services; Frederick Tooz; Kathleen E. Tooz; Tracy L. Tooz; Nicole L. Tooz; and Department of Transportation, State of North Dakota. In support of its cause of action, Granite states as follows:

## I.    PARTIES

1.    Granite, an Oklahoma corporation with its principal place of business located at 14001 Quailbrook Drive, Oklahoma City, OK 73134, is engaged in the business of providing, among other instruments, contractor surety bonds.

2.    Defendant Tooz Construction, Inc. ("TCI"), operating under its own name and dba Grizzly Concrete Services, is a North Dakota corporation.

3.    Defendants Frederick Tooz and Kathleen E. Tooz are North Dakota residents residing at 593 – 7th Avenue SW, Dickinson, ND 58602.

4.    Defendants Tracy L. Tooz and Nicole L. Tooz are North Dakota residents residing at 1925 – 4th Street West, Dickson, ND 58601.

1

5.      Defendant North Dakota Department of Transportation ("NDDOT") is a department of the State of North Dakota with principal offices located at 608 E. Blvd. Avenue, Bismarck, ND 58505.

## II.      JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship and an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

7.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events that give rise to this action occurred within this judicial district and because (a) TCI maintains its principal places of business within this judicial district; (b) Indemnitors reside within this judicial district; and (c) NDDOT is located within this judicial district.

## III.      FACTUAL ALLEGATIONS

8.      On or about July 8, 2018, Defendants TCI, Frederick Tooz, Kathleen E. Tooz, Tracey L. Tooz, and Nicole L. Tooz (collectively the "Indemnitors") executed an Agreement of Indemnity whereby they agreed to exonerate, indemnify, and hold Granite harmless from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including but not limited to interest, court costs, and counsel fees) that Granite incurred or may incur, by reason of becoming surety for TCI.  A copy of the executed Agreement of Indemnity is attached hereto as Exhibit A.

9.      In consideration for the Agreement of Indemnity, Granite issued Contract Bond No.: GRND42544A (the "Bond"), naming TCI as bond principal and NDDOT as bond obligee in

the penal sum of $1,803,677.00 for the construction project identified as "Contract No. 70190200 – Williston District Office Truck Storage Building (the "Project") dated March 14, 2019.

10.     The Bond was issued pursuant to statute with respect to the contract of even date entered into by and between TCI and NDDOT for construction of the Project.

11.     Upon information and belief, TCI commenced construction on the Project in April, 2019.

12.     Upon information and belief, the Project was substantially completed by TCI in May, 2020.

13.     Upon information and belief, the Project was fully completed, subject to punch list exceptions, in August, 2020.

14.     Upon information and belief, subsequent to August, 2020, TCI continued to perform work on the Project and made continued efforts to address perceived construction deficiencies observed by NDDOT.

15.     On August 18, 2021, NDDOT submitted a "Bond Claim" to Granite alleging deficiencies in the installation of the facility's roof, insulation, and vapor barrier, and alleging TCI's failure to meet contract specifications.

16.     On November 8, 2021, NDDOT notified Granite that TCI had made corrections/replacements of the roof ridge cap and sealings and applied patching tape at penetrations in the vapor barrier.  NDDOT indicated that an investigation process would follow and that NDDOT would engage professional consultant assistance to investigate and document alleged construction deficiencies.

17.     During the course of April, May, and June, 2022, consultants of NDDOT, TCI and Granite undertook site inspections at the Project.

18.     On September 23, 2022, NDDOT submitted a written report of its consultant, dated September 16, 2020, alleging continued deficiencies and failures in TCI's installation of the roof system and recommended complete replacement of the roof and vapor barrier system in support of the Bond Claim.

19.     NDDOT continues to assert the Bond Claim against Granite's Bond for the removal and replacement of the roof, insulation, and vapor barrier system, among other claimed deficiencies, in an amount which will exceed $75,000.00.

20.     Upon the report of its own consultant, TCI contests NDDOT's claim and denies liability for any damages or consequences of the installed roof and vapor barrier system.  Rather, upon information and belief, TCI claims any failures and damages at the Williston facility are the result of other causes.

## IV.     COUNT I – DECLARATORY JUDGMENT

21.     Granite realleges paragraphs 1-20 of its Complaint.

22.     NDDOT alleges that TCI has breached its contract obligations for which relief is accorded by the Bond issued by Granite.

23.     The merits of NDDOT's claim against the Bond issued by Granite are contested by TCI and Granite.

24.     A justiciable controversy exists under 28 U.S.C. §§ 2201-2202 regarding what obligations, if any, Granite owes to NDDOT, and what obligations, if any, TCI owes to Granite.

25.     Granite is entitled to declaratory judgment action associated with the above-referenced claims and liability, if any, pursuant to 28 U.S.C. §§ 2201-2202, and such other supplemental relief as the Court may order.

## V.      COUNT II – INDEMNITY AND EXONERATION OF BREACH OF CONTRACT

26.      Granite realleges paragraphs 1-25 of its Complaint.

27.      The Agreement of Indemnity constitutes a valid and binding contract.

28.      Granite is entitled by rights of contract and operation of law to indemnity from TCI and all Indemnitors for its losses and costs which Granite has incurred to date regarding the Project, for payments in exoneration of all claims asserted against the Bond, and for any additional claims and sums which Granite may incur hereafter in discharge of its obligations under the Bond.

29.      Granite has sustained damages, and will continue to sustain damages, for legal fees, costs, and expenses for which no exoneration payment has been made.

30.      Under the Agreement of Indemnity, Granite is entitled to recover all loss, expenses, costs, and fees as aforesaid.

**WHEREFORE**, Plaintiff Granite Re, Inc. demands judgment as follows:

1.      For a determination of Granite's obligations, if any, to North Dakota Department of Transportation in accordance with 28 U.S.C. §§ 2201-2202.

2.      For a determination of Tooz Construction's obligations, if any, to Granite in accordance with 28 U.S.C. §§ 2201-2202.

3.      Subject to and consistent with the Court's determination of paragraphs 1 and 2 above, for entry of indemnity judgment in favor of Granite Re, Inc. against Tooz Construction, Inc.; Tooz Construction dba Grizzly Concrete Services; Frederick Tooz; Kathleen E. Tooz; Tracy L. Tooz; Nicole L. Tooz by operation of law and rights of subrogation in the amounts and sums as the Court may determine justly and due owing in accordance with 28 U.S.C. §§ 2201-2202.

4.      For an entry of judgment in favor of Granite Re, Inc. against Tooz Construction, Inc.; Tooz Construction dba Grizzly Concrete Services; Frederick Tooz; Kathleen E. Tooz; Tracy

L. Tooz; Nicole L. Tooz in an amount to be determined for Granite's legal fees, costs, expenses and disbursements;

      5.      Such further relief as this Court deems just, necessary, or proper.

GREGERSON, ROSOW, JOHNSON & NILAN, LTD.


Dated:  November 7, 2022      By:  /s/ Daniel R. Gregerson
                                      David H. Gregerson, MN ID 37564
                                      Daniel R. Gregerson, MN ID 0336518
                                      100 Washington Avenue South, Suite 1550
                                      Minneapolis, MN 55401
                                      Telephone:  (612) 436-7492
                                      Email:  dgregerson@grjn.com
                                      Email: dangregerson@grjn.com